if there be such a contract as the plaintiff has recovered on it is a breach of trust and void.

It should be added that if this piece of evidence on which the verdict rests is probative of the contract recovered on, it is then so improbable, contradicted as it is by every known fact and every honest and natural probability in the case, that the learned trial judge was right in not suffering the verdict upon it to stand.

The order should be affirmed.

---

COLANERI v. GENERAL ACCIDENT ASSUR. CORPORATION, Limited.

(Supreme Court, Appellate Division, Third Department.   May 22, 1908.)

1. INSURANCE—BREACH OF WARRANTY—HEALTH.
    Where an applicant for health insurance stated in his application as a warranty that he had never received any injury or suffered from any disease or sickness of any character; that he was of sound condition mentally and physically and had no infirmity or defect, mental or physical, not stated; that he had not had any medical or surgical treatment during the past five years except for stomach trouble for about four weeks, from which he had fully recovered, and there was no statement of any trouble with the ear, but proofs of loss showed that he had suffered from the same ear trouble for which he claimed a benefit within two years before and had received medical treatment therefor—there was a breach of warranty precluding a recovery, even if the insured stated that he had been troubled with deafness.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 681–690.]

2. SAME—KNOWLEDGE OF AGENT—EVIDENCE—SUFFICIENCY.
    In an action on a health insurance certificate, evidence held insufficient to show that defendant's agent had knowledge of facts constituting a breach of a warranty relating to health and professional treatment.

3. TRIAL—TRIAL BY COURT—BOTH PARTIES MOVING FOR DIRECTED VERDICT—EFFECT.
    Where both parties moved for a directed verdict, it is for the court to determine the case.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 400.]

Appeal from Trial Term, Rensselaer County.

Action by Alfonso Colaneri against the General Accident Assurance Corporation, Limited.  From a judgment for plaintiff, and an order denying a new trial, defendant appeals.  Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Joseph G. Fenster, for appellant.

John P. Judge (John W. Roddy, of counsel), for respondent.

JOHN M. KELLOGG, J.  The plaintiff has recovered upon a health insurance policy on account of a disability caused by an abscess in the middle ear with mastoiditis, which disability is fairly covered by the terms of the policy.  In his application for the insurance, and in the policy itself, it is stated as a fact and a warranty that the applicant has never received any injury or suffered from any disease or sickness of

any character; that he is of sound condition, mentally and physically, and has no infirmity or defect, mental or physical, except as stated therein; that he has not had any medical or surgical treatment during the past five years except for stomach trouble for about four weeks, from which he had fully recovered. There is no statement in the application or policy of any trouble with the ear. The policy and application also provide that the company is not bound by any knowledge of or statements by or to any agent unless written on the application, and that, if any statement or warranty in the application shall be untrue in any respect, the policy and the insurance shall be null and void. The policy was issued about July 22, 1904. The disability for which recovery was had occurred about January 18, 1905. The proofs of loss show that the plaintiff suffered from the same trouble two years before, and that he had received medical treatment therefor.

The plaintiff was not sworn as a witness, but produced one Minelli, whose name appears upon the application as a solicitor, who swears that he was not in the employ of the company, but that the agent employed him to go with him through the Italian district and act as interpreter in obtaining applications, and that the plaintiff told the agent at the time of the application, without any question having been asked, that he had had some lung trouble and deafness. The evidence of the witness is vague, uncertain, and contradictory. He says the plaintiff does not read English, and leaves it to be inferred that the talk between the agent and the plaintiff was through him as interpreter, but subsequently shows upon cross-examination that the questions were asked directly to the plaintiff, and the answers given by plaintiff to the agent, and that the agent apparently wrote them in the application. Within a few days after its issue the policy was delivered to the plaintiff, and presumably he had possession of it up to the time of the disability. Were it true that the plaintiff stated that he had deafness, that does not do away with the warranty in the application and policy that he had no defects except those stated in the policy, and had had no medical treatment except for stomach trouble. Deafness is one thing, and an inflammation in the inner ear for which medical treatment is had is another, especially where trouble of the same nature is made the basis for a claim against the company. The plaintiff did not offer himself as a witness to explain the trouble he had formerly had with his ear or the treatment he had received, or to explain his answers to the questions or his conversation with the agent, or to account for his possession of the policy for months without raising any question about its contents. These facts throw great suspicion upon his case. The application was signed by him, and it fairly is inferable from the evidence that he writes. The breach of warranty in the contract was clearly proven, and the evidence offered to show knowledge upon the part of the agent was insufficient to establish the fact. Both parties having moved for the direction of a verdict, it was for the court to determine the case, and it should have directed the verdict for the defendant.

The judgment and order should be reversed on the law and on the facts, and a new trial granted, with costs to the appellant to abide the event. All concur.